UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
                                                    :

B. CHARLES AMES, OUTSIDE
DIRECTOR OF INKSTOP, INC., *et al.*       :
                                                 :     CASE NO. 1:10-CV-02595;
        Movants,                        :                1:10-CV-02596

vs.                                                       :     OPINION & ORDER
                                                 :     [Resolving Doc. Nos. 14, 20; 7, 13]
MARY ANN RABIN, TRUSTEE           :

        Respondent,               :

-------------------------------------------------------

NORMAN ESIASON, NY OUTSIDE
DIRECTOR OF INKSTOP, INC., *et al.*,   :

        Movants,                     :

vs.                                                    :

MARY ANN RABIN, TRUSTEE          :

        Respondent.              :

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       Before the Court is a motion filed by Mary Ann Rabin, Trustee for the estate of InkStop, Inc. ("InkStop"), for Court approval of the terms of a proposed settlement agreement, entered into by and among the InkStop directors and officers,[1] Terrence Fergus, Sewanee Partners III LP, and Twin City

---

[1] These Defendant directors and officers are Dirk Kettlewell, Dawn Kettlewell, Mark Race, John Bulgarella, Dale Fuller, B. Charles Ames, James Hummer, Norbert Lewandowski, Richard Ames, Michael Clegg, James Mastrian, Michael Shaughnessy, Norman Esiason, William Heinzerling, Harvey Sanders, Christoper Eastman, Buford Ortale,
(continued...)

Case No. 1:10-CV-02595; 1:10-CV-02596
Gwin, J.

Fire Insurance. [Doc. 14; Doc. 18; Doc. 7; Doc. 11.]

The settlement agreement is intended to resolve the adversary proceedings withdrawn to this Court, originally filed by the Trustee of the estate against the Defendant directors and officers, Sewanee Partners, and Twin City as part of the InkStop bankruptcy proceedings. In those actions, the Trustee asserts a number of claims against the Defendants under both state and federal law, generally alleging that the InkStop directors and officers negligently pursued an aggressive and unsustainable business model, mismanaged InkStop, and otherwise perpetrated fraud. The settlement agreement includes the following important terms: (1) that Twin City Insurance will make a $4.5 million payment to the Trustee for the estate out of a director's and officer's insurance policy; (2) the Trustee will release all claims, except as indicated in the agreement, against the Defendants; (3) the Defendants will release any claims that could have been brought against the Trustee in the current Adversary Proceeding; (4) the Trustee releases Twin City from any claims arising out of this Adversary Proceeding and specifically noting that this settlement will not affect the right to payment for a claim brought by any person other "than the Trustee, InkStop, or by the bankruptcy estate of InkStop"; (5) after distribution of proceeds, that Twin City will have no further obligation to make payment related to the current Adversary Proceedings or the District Court Actions; and (6) the agreement specifically notes that the releases are only limited to those explicitly set forth in the agreement, naming some related lawsuits that are not affected. [Doc. 18; Doc. 12.]

Federal Rule of Bankruptcy Procedure 9019(a) governs the procedure required to approve a Trustee's motion for settlement. The Federal Rules of Bankruptcy Procedure specifically grant a

---

[1]/(...continued)
James Thomas Gahan, and Thomas Grievas.

Case No. 1:10-CV-02595; 1:10-CV-02596
Gwin, J.

trustee the authority to seek a compromise or settlement of claims available to the debtor or debtors, upon motion and after notice and a hearing. *In re Bard*, 49 F. App'x 528, 530 (6th Cir. 2002). The Sixth Circuit Court of Appeals has held that "the [court] is charged with an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable." *Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir. 1988). In determining if a settlement is fair, the court must weigh the conflicting interests of all relevant parties, "considering such factors as the probability of success on the merits, the complexity and expense of litigation, and the reasonable views of creditors." *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988); *Lyndon Property Ins. Co. v. Katz*, 196 F. App'x 383, 387 (6th Cir. 2006). *See, e.g.*, *In re Moran*, 2008 WL 1766874, at *4-5 (6th Cir. B.A.P., Apr. 18, 2008) (applying "fair and equitable" standard). The Court should also consider and weigh the opinion of the bankruptcy trustee. *See Bauer*, 859 F.2d at 441.

Skoda Minotti & Co. ("Skoda"), a non-party to this adversary proceeding and a creditor to InkStop, files notice of objection with the Court. [Doc. 20; Doc. 13.] Skoda is an outside accounting firm that sold auditing services to InkStop. [Doc. 20; Doc. 13.] Specifically, Skoda objects to Paragraphs Six and Seven of the settlement. [Doc. 20; Doc. 13.] With regard to Paragraph Six, Skoda objects on the grounds that a lawsuit currently pending between it and directors and officers of InkStop is not included in the list of cases that the settlement agreement says are not affected by the settlement. With regard to Paragraph Seven, Skoda objects that the release of Twin City from making any additional payment related to the Adversary Proceedings or the District Court Actions might potentially effect its own right to contribution from joint tortfeasors, should it be sued in relation to the InkStop bankruptcy at some point in the future.

-3-

Case No. 1:10-CV-02595; 1:10-CV-02596
Gwin, J.

The Court overrules both of these objections and finds that the settlement agreement is fair and equitable.[2/] Relevant to Skoda's objections, the Court finds that the objection to Paragraph Six is without basis because the agreement specifically provides that "[n]othing herein shall be construed to release any claims other than those specified [in the releases]." [Doc. 18; Doc. 12.] Skoda is not a party to this settlement and is not affected by the releases; moreover, any inclusion of Skoda's lawsuit would be redundant. Second, the Court also finds that the objection to Paragraph Seven is is not persuasive. Any concern that Skoda may have about losing the ability to collect money from joint tortfeasors through contribution is an objection to Ohio state law, and not the settlement agreement. Indeed, Skoda is left in no worse a position now than if the case had proceeded to the merits and reached a judgment. *See In re SemCrude, L.P.,* 2010 WL 4814377, at *4-7 (Bkrtcy. D. Del., Nov. 19, 2010) (rejecting similar objection by an outside accounting firm); *In re High Tech Packaging, Inc.*, 397 B.R. 369, 373 (Bkrtcy. N.D. Ohio 2008) (rejecting similar claim regarding contribution made by guarantors of particular debts).

More generally, the Court finds that this settlement is fair and equitable and is in the best interests of the estate. Although the claims brought by the Trustee are plausible, the Trustee faces the risk that these claims could be dismissed on the pending motions to dismiss, on summary judgment, or that the claims may fail at trial. In these events, the Trustee would recover no money for the estate, all the while incurring great expense prosecuting the action. Moreover, the director's and officer's policy with Twin City has a declining balance, with over $3 million having already been spent out of a $10 million policy before even reaching discovery. Even if the Trustee secures a judgment on the merits, there could be difficulty collecting a judgment given the financial state of

---

[2/] As a preliminary matter, the Court first finds that proper notice was given of this settlement.

-4-

Case No. 1:10-CV-02595; 1:10-CV-02596
Gwin, J.

the Defendants and the declining balance of the insurance policy. Finally, the Court heavily weighs the Trustee's determination that this settlement is in the best interest of the estate and the fact that no creditor has objected to the settlement on the grounds that it is not in the estate's best interest.

Accordingly, and consistent with its earlier oral ruling, the Court **GRANTS** the motions to approve the settlement agreement, **OVERRULES** any objections, and **APPROVES** the settlement agreement.

IT IS SO ORDERED.

Dated: April 28, 2011                           s/     *James S. Gwin*
                                                                   JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE